Shackelfoed, J.,
delivered the opinion of the Court.
This is a suit brought by the Ocoee Bank, against John D. James, in the Circuit Court of Knox, on a *58 Bill of Exchange for $5,000, dated 5th of July, 1860, drawn by the plaintiff in error, payable to the order of Thomas G. James, at six months acceptance, payable at the Park Bank, New York, by John D. James, the plaintiff in error. The bill was dishonored at maturity and protested: no notice was given of the protest to the drawer or acceptor. There was some proof that after the protest, the plaintiff in error promised to pay the bill. A credit of $810 is endorsed on it, December 8th, I860. The cause was submitted to a jury: a verdict and judgment was rendered for defendants in error, from which the plaintiff in error, has appealed to this Court. The Judge charged the jury, the defendant, James, was not liable upon the protest of the bill, as argued; there being no proof of notice to him; also, that the payment credited on the bill was not sufficient to render him liable, in the absence of protest and notice to him; but if, after maturity of the bill, he has acknowledged the existence of the debt, and his liability, and unconditionally promised to pay it, then he would be liable, though there was no notice. It is insisted for the plaintiff in error, that the charge of the Court is erroneous, in this: the Court ought to have instructed the jury, that the promise, to be binding on the plaintiff in error, should have been made with a full knowledge of the iact of his discharge from legal liability on the bill. "We recognize the principle as settled, to fix the liability of a party on a bill, from which he has been discharged by the laches of the holder, the promise must be made with a full knowledge of his rights; but the principle is not applicable to this case. The plaintiff in error was the ac *59 ceptor of the bill', and not entitled to notice. The liability of the acceptor is absolute and unconditional: Story on Bills, 142; Parsons on Mer. Law, 128. To fix the liability of the drawer and endorser, demand, protest and notice, are indispensable, unless the facts of the case excuse notice. In this case, the drawer of the bill and acceptor, are the same persons. The object of notice is to give the drawer or endorser, notice of the dishonor, that he may take the proper steps to indemnify himself. In this ease, the drawer of the bill being acceptor, was not entitled to notice; he fixed the place of payment, the Park Bank, New York; he was bound to pay the bill on the day it matured, by his acceptance at that place, and having failed to do so, no notice of the protest is necessary: Bailey on Bills, 356. The charge of the Court was erroneous; but inasmuch as it was not prejudicial to the rights of the plaintiff in error, the cause will not be reversed. The declaration and pleas are not in strict conformity to the rules of pleading; the defects have been cured by the verdict, and as substantial justice has been done, the judgment will be affirmed.